2017 UT App 82

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF P.B. AND D.B.,
PERSONS UNDER EIGHTEEN YEARS OF AGE.

L.B.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20170152-CA
Filed May 11, 2017

Third District Juvenile Court, Salt Lake Department
The Honorable Charles D. Behrens
No. 1119031

Jordan Putnam, Attorney for Appellant

Sean D. Reyes, Carol L.C. Verdoia, and John M.
Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES STEPHEN L. ROTH, KATE A. TOOMEY, and DAVID N. MORTENSEN.

PER CURIAM:

¶1      L.B. (Mother) appeals the juvenile court's order terminating her parental rights. We affirm.

¶2      "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation and internal

quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "wide latitude of discretion as to the judgments arrived at based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' special training, experience and interest in this field." *Id.* (citation and internal quotation marks omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3   Mother argues that there was insufficient evidence to demonstrate grounds supporting termination of her parental rights. The juvenile court based its termination decision on several grounds, including failure of parental adjustment. *See* Utah Code Ann. § 78A-6-507(1)(e) (LexisNexis 2012). The record supports the juvenile court's determination that there was a failure of parental adjustment.[1] Failure of parental adjustment "means that a parent or parents are unable or unwilling within a reasonable time to substantially correct the circumstances, conduct, or conditions that led to the placement of their child outside of their home, notwithstanding reasonable and

---

1. Pursuant to Utah Code section 78A-6-507, the finding of any single ground for termination is sufficient to warrant termination of parental rights. *See* Utah Code Ann. § 78A-6-507(1) (LexisNexis 2012); *In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights). As a result, if there is sufficient evidence to support any of the grounds for termination found by the juvenile court, the termination of Mother's rights was appropriate, provided it was in the best interests of the children.

appropriate efforts . . . to return the child to that home." *Id.* § 78A-6-502(2).

¶4 Mother did very little to accomplish the goals set forth in the service plan. While Mother did obtain a substance abuse and mental health evaluation, she failed to comply with the essential recommendations of that evaluation, which were meant to address many of the underlying reasons the children were removed from her custody. For example, the evaluation recommended that she begin individual therapy, but there is no evidence in the record that Mother began such therapy. Further, Mother did not comply with the evaluation's recommendation that she allow the Division of Child and Family Services (DCFS) to monitor her prescription drug use to ensure that she was not abusing the medication. The service plan also required Mother to submit to random drug tests, yet she submitted herself for only one test, which she did not take because she refused to follow the testing protocols. She also failed to provide any evidence that she had obtained suitable housing and employment. Moreover, due to these issues, Mother was never able to progress beyond supervised visitation with the children, and the juvenile court found even that to be sporadic. Ultimately, the evidence supports the juvenile court's determination that Mother was unable or unwilling to remedy the circumstances that led to the placement of the children outside of her home.

¶5 Mother next argues that it was not in the best interests of the children to terminate her parental rights. The juvenile court's unchallenged findings state that the "children are in need of stability and protection from abuse and neglect." The children have been residing with their maternal grandparents who have met all of their needs. The grandparents are willing to adopt the children and have been approved by DCFS as an adoptive home. Conversely, as set forth above, Mother had not taken the steps necessary to resolve the issues which led to the children being in an out-of-home placement. As a result, the juvenile court found

that Mother was unable to provide the stability and protection the children needed. These findings are supported by the record and Mother presented no evidence to contradict them. Accordingly, evidence in the record supports the juvenile court's determination that it was in the best interests of the children to terminate Mother's parental rights.

¶6      Finally, Mother argues that the juvenile court erred in failing to find that it was strictly necessary to terminate Mother's parental rights. The juvenile court found that it was in the best interests of the children to terminate Mother's parental rights in order to free them to be adopted. In order to free the children for adoption it was strictly necessary for Mother's parental rights to be terminated. Accordingly, despite the fact that the juvenile court made no express finding concerning the subject, the finding was implicit because there was no other option if the children were to be freed for adoption. Further, Mother presented no evidence, and none appears in the record, demonstrating that giving the grandparents permanent custody and guardianship over the children was a viable option under the facts of the case. Therefore, under the circumstances the juvenile court did not err in failing to set forth a specific finding that it was strictly necessary to terminate Mother's parental rights.

¶7      Affirmed.

————————